*Brandt v. Pallito*, 607-9-15 Wncv (Teachout, J., Dec. 15, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                   **Docket No. 607-9-15 Wncv**

**JEFFREY-MICHAEL BRANDT**
    **Plaintiff**

    **v.**

**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections, et al.**
    **Defendants**

### DECISION
**Plaintiff's Motion for Contempt, filed November 6, 2017**
**(originally filed in wrong court on September 20, 2017)**

In a prior case, the court ruled that the Vermont Department of Corrections had improperly relied on 28 V.S.A. § 802 and DOC Directive 409.05 to bar Jeffrey-Michael Brandt, an inmate in the custody of the Commissioner of the Department of Corrections, from corresponding with a Colorado inmate, Ms. Lee Dougherty, merely because both were prisoners. *Brandt v. Hale*, No. 280-4-12 Wncv, Decision (Vt. Sup. Ct. July 5, 2013). The Vermont statute and rule only *per se* barred such correspondence between two Vermont inmates and no other basis for restricting communication existed. The State did not appeal and that decision became final.

In this case, originally filed in 2015, the DOC had *per se* barred Mr. Brandt from corresponding with a different person, a Kentucky prisoner named Holly Britz. All material circumstances of this case were the same as the prior case but for the identity of the non-Vermont correspondent. The parties to this case eventually stipulated to a settlement agreement essentially incorporating the terms of the decision from the earlier case. Paragraph 4 of the Stipulation states:

> That consistent with said ruling the Defendants hereby agree not to prohibit communication between Plaintiff and any inmate who is not committed to the care and custody of the Vermont Department of Corrections *on the basis that* said communication constitutes an inmate-to-inmate correspondence, as set forth in 28 V.S.A. § 802 and VTDOC Directive 409.05.

(Emphasis added.)

Neither the earlier decision nor the settlement agreement in this case give Mr. Brandt the absolute right to correspond with Holly Britz or anyone else in her circumstances. Both merely prohibit the DOC from enforcing a *per se* bar against correspondence between a Vermont and non-Vermont prisoner *for the reason that* 28 V.S.A. § 802 and DOC Directive 409.05 bar such

correspondence only between two Vermont prisoners. Neither the decision nor the settlement agreement would prevent restrictions on communications for other legitimate reasons.

Mr. Brandt recently sought to reopen this case to enforce the terms of the settlement agreement. In the pending Motion for Contempt, he seeks such enforcement.

After the settlement agreement, Mr. Brandt was relocated to a prison facility in Pennsylvania, which applied its own rules to bar correspondence between Mr. Brandt and Ms. Britz. Pennsylvania is a Compact state. See 28 V.S.A. §§ 1601–1621 (Interstate Corrections Compact). Mr. Brandt therefore "shall be treated equally with such similar inmates of the receiving state [Pennsylvania] as may be confined in the same institution." *Id*. § 1604(e); see also *Daye v. State*, 171 Vt. 475, 482 (2000) ("A common sense reading of these provisions must allow authorities having daily, physical custody of a transferred inmate to determine the discipline, visitation, classification, and grooming aspects of the inmate's incarceration." (quoting *Glick v. Holden*, 889 P.2d 1389, 1393 (Utah Ct. App. 1995)).

The parties agree, and the court accepts for purposes of this decision, that Pennsylvania, as a Compact state, is entitled to enforce its own inmate correspondence policy. Mr. Brandt suggests that his transfer to Pennsylvania undermines the decision from the prior case and his settlement agreement in this case and is contemptuous of the court approval of the prior terms of settlement.

The relief to which Mr. Brandt was entitled under the decision in the prior case and the settlement agreement in this case is quite narrow. Under both, the DOC was limited from interpreting 28 V.S.A. § 802 and DOC Directive 409.05 as creating a *per se* bar on correspondence between Mr. Brandt and two particular non-Vermont prisoners. Neither created a broad right to correspond with Holly Britz under any and all circumstances, nor did they create a right not to be transferred to a different facility such as a Compact state prison with different rules.

The terms of the settlement applied to the circumstances at the time. They did not establish a right that overrides the DOC's authority to transfer Mr. Brandt to a place of confinement in a different facility in a Compact state, where different rules would apply. While he is in Pennsylvania, Pennsylvania's rules apply with respect to correspondence with non-inmates, as that falls within the category of "visitation," one of the aspects of incarceration over which the local prison has authority. *Daye v. State*, 171 Vt. 475, 482 (2000).

There is no allegation that the DOC intentionally transferred Mr. Brandt specifically to evade the effect of the decision or the settlement agreement. Mr. Brandt was in a DOC facility in Michigan and was transferred en masse with other Vermont prisoners to Pennsylvania. The DOC, not the court, has "the authority to designate the place of confinement where the sentence shall be served." 28 V.S.A. § 701(b).

ORDER

For the foregoing reasons, Mr. Brandt's motion for contempt is *denied*.

Dated at Montpelier, Vermont this ____ day of December 2017.

_____
Mary Miles Teachout
Superior Judge